**TOLEDO ELECTRICAL WELFARE FUND, Plaintiff,**

v.

**NORTHWEST OHIO BUCKEYE ELECTRIC, LTD., et al., Defendant.**

**No. 3:04 CV 7722.**

United States District Court, N.D. Ohio, Western Division.

Oct. 30, 2007.

Barry W. Fissel, Daniel O. Cecil, East-man & Smith, Toledo, OH, for Plaintiff.

Alan G. Ross, David S. Farkas, Ross, Brittain & Schonberg, Cleveland, OH, for Defendant.

## MEMORANDUM OPINION

KATZ, District Judge.

This matter is before the Court on the third party defendant's motion to dismiss (Doc. 122). This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. Background

This dispute arises from a collective bargaining agreement ("CBA") between defendant/third-party plaintiffs N.W. Ohio Buckeye Electric, Ltd.; K.S. Buckeye Maintenance, LLC; Jamie Sorosiak; and Kelly Sorosiak (hereinafter "NWO") and third-party defendants, the International Brotherhood of Electrical Workers, Local Union No. 8; Dennis Duffey, Local 8's Business Manager; and Kenneth Roach, Local 8's Business Agent (collectively referred to as "the Union"). The CBA provided for fringe benefit contributions to the Toledo Electrical Welfare Fund ("Fund") on behalf of all persons working for NWO. Based on representations allegedly made by the Union that the CBA would not require contributions on behalf of the owner of the business, Jamie Sorosiak, or three employed students, NWO failed to make payments to the Fund on behalf of these parties. Plaintiff Fund then filed suit against NWO to collect past due contributions.

In response to the Fund's action, NWO filed a third-party complaint against the Union asserting fraud in the Union's procurement of the CBA and seeking either rescission or indemnification for amounts due and owing to the Fund. The Union filed the instant motion to dismiss based mainly on federal preemption of NWO's state tort law claims.

## II. Standard of Review

No complaint shall be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80, (1957); *see also Pfennig v. Household Credit Servs.,* 295 F.3d 522, 525–26 (6th Cir.2002) (citing *Bibbo v. Dean Witter Reynolds, Inc.,* 151 F.3d 559, 561 (6th Cir.1998)). When decid-

ing a motion brought pursuant to Fed. R.Civ.P. 12(b)(6), the inquiry is essentially limited to the content of the complaint, although matters of public record, orders, items appearing in the record, and attached exhibits also may be taken into account. *Yanacos v. Lake County,* 953 F.Supp. 187, 191 (N.D.Ohio 1996). The Court's task is to determine not whether the complaining party will prevail on its claims, but whether it is entitled to offer evidence in support of those claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The Court must accept all the allegations stated in the complaint as true, *Hishon v. King & Spalding,* 467 U.S. 69, 73, 81, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984), while viewing the complaint in the light most favorable to the plaintiff. *Scheuer,* 416 U.S. at 236, 94 S.Ct. 1683. A court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

## III. Discussion

The Union raises preemption arguments under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and *San Diego Bldg. Trades Council v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959). Additionally, the Union suggests that even if NWO's claims are not preempted, they lack procedural and substantive sufficiency.

### A. LMRA § 301 preemption

■ In *Walcher & Fox,* an employer was sued by an employee benefits fund administrator after failing to make benefit contributions for all of its employees according to the terms of a CBA that had been incorporated into project-specific participation agreements between the employer and the union. *Northwestern Ohio Administrators, Inc. v. Walcher & Fox, Inc.,* 270 F.3d 1018, 1021–23 (6th Cir.2001)

[hereinafter *"Walcher & Fox"*]. The employer impleaded the union, alleging misrepresentations over the scope of the participation agreements whereby the union had suggested that the employer would only be required to pay fringe benefits for union employees hired from the union hall, but not the non-union workers already in its employ. *Id.* The union then moved for dismissal of the third-party compliant based on, *inter alia,* § 301 and *Garmon* preemption. *Id.* at 1021.

With regard to § 301 of the LMRA, the Sixth Circuit observed:

> The claim advanced by [the employer]— that the Union fraudulently induced it to sign the Employer Participation Agreements—like the claim in [*Operating Eng'rs Pension Trust v. Wilson,* 915 F.2d 535 (9th Cir.1990)], does not require interpretation of a collective bargaining agreement or even of the Employer Participation Agreements themselves. Instead, the rights and duties at issue arise from the Union's actions prior to the formation of the Employer Participation Agreements. [The employer] alleges that the Union claimed it was seeking only to show … the benefits of having a union labor force, when in fact it was deceiving the employer into paying union benefits for all its employees. The relevant inquiry here concerns the representations made by the Union … at the time the Project Agreements were executed, not any term of the Agreements themselves. Section 301 therefore does not preempt the third-party state law claim.

*Id.* at 1031.

Similarly, in the case now before this Court, NWO's fraud allegations against the Union involve representations made prior to the execution of the participation agreements and do not require this Court to examine the terms of the CBA itself.

Therefore, regardless of whether the scope of the CBA entered into by NWO is more extensive than that involved in *Walcher & Fox,* this Court finds § 301 preemption inapplicable.

## B. *Garmon* preemption

■■■ *Garmon* preemption "protects the exclusive jurisdiction of the National Labor Relations Board ('NLRB') over unfair labor practice proceedings. Under *Garmon,* state law causes of action are presumptively preempted if they concern conduct that is actually or arguably either prohibited or protected by the National Labor Relations Act ('NLRA')." *Northwestern Ohio Administrators, Inc. v. Walcher & Fox, Inc.,* Case No. 03:98CV7443 (N.D.Ohio October 21, 1999) [hereinafter "*Northwestern Ohio Administrators*"] (citing *Belknap, Inc. v. Hale,* 463 U.S. 491, 498, 103 S.Ct. 3172, 77 L.Ed.2d 798 (1983)). In this case, the Union has failed to demonstrate what section of the NLRA arguably applies to the claims asserted; on this basis alone the Union's motion could be dismissed. *See Int'l Longshoremen's Ass'n v. Davis,* 476 U.S. 380, 395, 106 S.Ct. 1904, 90 L.Ed.2d 389 (1986) ("If the word 'arguably' is to mean anything, it must mean that the party claiming pre-emption is required to demonstrate that his case is one that the Board could legally decide in his favor.") (citing *Marine Eng'rs. v. Interlake S.S. Co.,* 370 U.S. 173, 184, 82 S.Ct. 1237, 8 L.Ed.2d 418 (1962)). However, even if this Court were to assume the applicability of *Garmon,* a finding of preemption would be inappropriate under the circumstances of this case.

"[T]he Supreme Court has explained that 'inflexible application of the [*Garmon* ] doctrine is to be avoided, *Farmer v. United Bhd. of Carpenters & Joiners of Am., Local 25,* 430 U.S. 290, 302, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977), and has carved out a number of exemptions to *Garmon* preemption.' ... Thus, *Garmon* preemption does not apply to cases where Congress has provided remedies for prescribed conduct independent of those available in an NLRB proceeding, where the activity complained of is merely a peripheral concern of the labor laws, where the activity touches a deeply rooted state or local interest, or 'where the particular rule of law sought to be invoked before another tribunal is so structured and administered that ... it is safe to presume that judicial supervision will not disserve the interests promoted by the federal labor statutes.' *Id.* at 296–97, 97 S.Ct. 1056."

*Northwestern Ohio Administrators,* supra at 10.

■■■ Similarly, the rationale underlying *Garmon* preemption does not apply when the aggrieved party does not have a reasonable opportunity to invoke the jurisdiction of the NLRB. *Sears, Roebuck & Co. v. San Diego County Dist. Council of Carpenters,* 436 U.S. 180, 201–03, 98 S.Ct. 1745, 56 L.Ed.2d 209 (1978); *John S. Griffith Constr. Co. v. United Bhd. of Carpenters of S. Cal.,* 785 F.2d 706, 710–11 (9th Cir.1986). In this case, like in *Walcher & Fox,* the Fund has made NWO an involuntary party to this suit. NWO did not choose the forum in which the dispute would be adjudicated, but rather the Fund did. Since the Fund's action against the Company is not within the NLRB's jurisdiction, NWO has no power to have the case transferred, *in toto,* to the jurisdiction of the NLRB. Nor could the Company have brought its impleader claim before the NLRB as a separate action. Since no final judgment has been entered against NWO in the Fund's suit, a separate action would not be ripe for adjudication. As they did in *Walcher & Fox,* these factors weigh heavily against *Garmon* preemption in this case.

■ Other factors also prevent this Court from applying *Garmon* preemption. First, because the state cause of action prohibits exactly the same conduct that is prohibited by the NLRA—fraud in the collective bargaining process—there is no danger that state regulation will interfere with conduct that Congress intended to protect or create conflicting rules of substantive law in the labor relations area. *See Jones v. Truck Drivers Local Union No. 299*, 838 F.2d 856, 872 (6th Cir.1988). Second, a cause of action in impleader in federal district court is different in character from a proceeding before the NLRB. Some of the parties to the action at bar are different. Although many of the issues to be presented in the impleader claim are similar to issues that could have been brought before the NLRB, the case as a whole will present many issues that could not have been brought in an unfair labor practice claim that could have been pursued before the NLRB. Different remedies are available. Since similarity of parties, issues and remedies is lacking, this District Court's adjudication of the state cause of action does not threaten the federal regulatory scheme because the Court does not purport to act as a surrogate labor board. *See id.* at 873. Third, this case is being adjudicated by a federal, rather than a state court; federal courts have experience and expertise in construing federal labor law. Where the district court is initially merely deciding what it would otherwise have authority to review at a later stage in the judicial process, it is "safe to presume that judicial supervision will not disserve the interests promoted by the federal labor statutes." *John S. Griffith Constr. Co.*, 785 F.2d at 710–11. Finally, the interest in efficient adjudication of disputes and in avoiding inconsistent judgments favors having all matters related to the instant dispute disposed of before the same tribunal, and as part of the same action.

In light of these factors, the Court finds that *Garmon* preemption is not justified in this case.

## C. Procedural and substantive sufficiency of NWO's claims

■ The Union challenges the procedural sufficiency of NWO's complaint by broadly implying that NWO has failed to plead its fraud claims with particularity, as required by Fed.R.Civ.P. 9(b). However, the Union has not shown any specific deficiencies in NWO's amended pleading. Accordingly, the Court need not consider the propriety of dismissal on this ground.

The Union also argues that NWO has failed to show reasonable reliance on the alleged misrepresentation, so it will ultimately be unable to prevail on its fraud claims. Even if the foregoing assertions eventually are proven accurate; they fall short of meeting the burden of a motion to dismiss standard—that no set of facts could be proven otherwise.

## IV. Conclusion

The Union's motion to dismiss (Doc. 122) is hereby denied.

IT IS SO ORDERED.

### JUDGMENT ENTRY

For the reasons stated in the Memorandum Opinion filed contemporaneously with this entry, IT IS HEREBY ORDERED, ADJUDGED and DECREED that third party Defendants' International Brotherhood of Electrical Engineers Local 8, Dennis Duffey and Kenneth Roach motion to dismiss (Doc. 122) is denied.